UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DOUGLAS W. VEGA,  )<br>  )<br>    *Plaintiff*,  )<br>  )<br>v.  )<br>  )<br>SHERIFF JAMES HARVILLE and  )<br>GRAINGER COUNTY SHERIFF'S OFFICE,  )<br>  )<br>    *Defendants*.  ) | No.: 3:07-cv-287<br>(VARLAN/GUYTON) |

## MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion to dismiss filed by the defendants. Plaintiff has not filed a response to the motion for summary judgment and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss will be **GRANTED** and this action **DISMISSED**.

I.    Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff

cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.     Factual Background

Plaintiff filed a partially completed complaint form, which contains five numbered paragraphs. [Court File No. 4]. In paragraph one, which asks for a short and plain statement of the grounds for filing his case in federal court, plaintiff wrote "curel [sic] and unusual punishment on 9-7-06." Paragraphs two and three identify the plaintiff and defendants, respectively, to the action. Paragraph four provides a space to state the facts of the case and how each defendant is involved; plaintiff left this space entirely blank. In paragraph five, plaintiff outlined his demands for injunctive relief and money damages.

Attached to the complaint are copies of two complaints against department members, on forms provided by the Grainger County Sheriff's Department. On the first, against Sheriff James Harville, plaintiff wrote the following summary of his complaint: "On 7/6 Sheriff Harville called me at home at 2:45 pm and said 'Don't call or come to my office again or I'll have you arrested & thrown in jail.' Threatened to have me 'thrown in jail' on 4 times in one call." [Court File No. 4, Attachment 1].

On the second form complaint, against the jail doctor, plaintiff wrote the following:

> Court on 9/7/06 - reprimand to jail - had asthma attack - kept in holding cell 4-5 hrs, asked for medical help - refused. Asked to go to hospital - refused. Could not breathe - felt as if dying. After 5 hrs, Doctor went to store himself and purchased 'Primatene Mist.' Did not work - handcuffed, drug me to police

2

> car - after placed in car - officer said I had seizures and he felt bad for me. Kept at hosp. til 5:30-6 pm then released. I, Douglas Vega, feel that I would be discriminated against and other charges would be added if I should have to go back to jail for any reason.

[Court File No. 4, Attachment 2]. The defendants, through counsel, move to dismiss the complaint.

III.  Discussion

The court first notes that the Grainger County Sheriff's Office is not a suable entity within the meaning of 42 U.S.C. § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 Fed.Appx. 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) ("the Sheriff's department itself is not a suable entity under Section 1983").

In addition, the court further notes that, although plaintiff is proceeding *pro se* and is unfamiliar with the intricacies of the legal system, he must nonetheless comply with Rule 8 of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." One purpose of this rule is to enable a defendant to reasonably respond to the complaint. Here, plaintiff failed to set forth any statement of his claim. In any event, assuming plaintiff seeks

to hold Sheriff Harville liable for the allegations contained in the attachments to his complaint, plaintiff has failed to state a claim for relief.

Plaintiff claims that Sheriff Harville threatened to have him arrested. Allegations of threats or verbal abuse, without more, are not cognizable under §1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986). In order to state a claim for relief under §1983, there must be an actual infringement of a constitutional right, not merely a threat to do so. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989); *Macko v. Byron*, 760 F.2d 95, 97 (6th Cir. 1985).

With respect to his claim that he was denied medical attention for his asthma attack, plaintiff does not allege that Sheriff Harville played a role in the alleged deprivation. In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

IV.     Conclusion

The defendants are entitled to judgment as a matter of law. For that reason, the defendants' motion to dismiss will be **GRANTED**. All other pending motions will be

**DENIED** as **MOOT**.  In addition, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** the plaintiff leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

      **AN APPROPRIATE ORDER WILL ENTER.**

                                          s/ Thomas A. Varlan
                                          UNITED STATES DISTRICT JUDGE